[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a summary process action brought by a mobile home park against the occupant of one of the mobile homes located therein. The parties have essentially agreed to the relevant facts in this matter, but disagree as to the availability of summary process under these circumstances.
The parties have stipulated that the plaintiff trailer park leased a mobile home site located at 20 Donna Street, Beacon CT Page 2476 Falls, Connecticut to Alfred Giere, Jr. on August 1, 1980. Alfred Giere, Jr. was the owner of the mobile home sited on this lot in the plaintiff's trailer park. In 1982, Alfred Giere, Jr. died and the defendant Alfred Giere, Sr. was appointed executor of the estate. Alfred Giere, Sr. also took up occupancy of said mobile home and pays the rent for the site as executor for the estate.
On November 30, 1990 the plaintiff trailer park served a notice to quit possession and occupancy of "the mobile home located at 20 Donna Street" on Alfred Giere, Sr. based upon lapse of time. The notice to quit gave defendant ten days to quit possession or occupancy of the mobile home. Defendant remains in possession of said mobile home located on said site and plaintiff commenced this summary process action seeking possession of "said premises". Defendant claims that the occupant of a mobile home cannot be evicted by the site owner when there has been no termination of the tenancy of the mobile home owner and the occupant is there with permission of the mobile home owner.
Upon the death of Alfred Giere, Jr., his estate became the owner of the mobile home sited on plaintiff's property. As the owner of the mobile home, the estate is a "resident" of the mobile home park, and its' administrator or executor may exercise the rights of the deceased owner of the mobile home whether or not that person or anyone actually occupies the mobile home. Thompson v. Merlino Enterprises, Inc., 208 Conn. 656 and Daddona v. Liberty Mobile Home Sales, Inc., 209 Conn. 243, 247. Thus, in order to obtain possession of the site, plaintiff would first have to terminate the tenancy or evict the estate for one of the reasons stated in Conn. Gen. Stat. 21-80(b)(1) following the procedures set forth in 21-80(b)(2) and (3).
In this case, the plaintiff mobile home park is not the owner of the mobile home and cannot evict the occupant without evicting the owner. Plaintiff lacked standing to issue the notice to quit the mobile home and thereafter to commence this action.
Accordingly, judgment should enter in favor of the defendant dismissing this action.
SO ORDERED, SEQUINO, JUDGE